UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Magistrate Judge

KAIN,                          )
                               )
          Plaintiff,           )
                               )
vs.                            )   No. C 20-09241-VC
                               )
ACM RESEARCH, INC., et al.,    )
                               )
          Defendants.          )
_____)

                               San Francisco, California
                               Thursday, April 15, 2021

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
          RECORDING 2:56 - 3:07 = 11 MINUTES

APPEARANCES:

For Plaintiff Kain:
                         Pomerantz, LLP
                         600 Third Avenue, 20th Floor
                         New York, New York 10016
                    BY:  J. ALEXANDER HOOD, II, ESQ.

For Plaintiff Yeung:
                         The Rosen Law Firm, P.A.
                         275 Madison Avenue, 40th Floor
                         New York, New York 10116
                    BY:  PHILLIP C. KIM, ESQ.

For Defendants:
                         Freshfields Bruckhaus Deringer
                           US LLP
                         2710 Sand Hill Road
                         Menlo Park, California 94025
                    BY:  BORIS FELDMAN, ESQ.

          (APPEARANCES CONTINUED ON NEXT PAGE)

*Echo Reporting, Inc.*

2

APPEARANCES:  (Cont'd.)

For Defendants:

                      Freshfields Bruckhaus Deringer
                        US LLP
                      601 Lexington Avenue
                      31st Floor
                      New York, New York 10022
             BY:  DORU GAVRIL, ESQ.

Transcribed by:          Echo Reporting, Inc.
                      Contracted Court Reporter/
                      Transcriber
                      echoreporting@yahoo.com

3

Thursday, April 15, 2021                                2:56 p.m.

                    P-R-O-C-E-E-D-I-N-G-S

                            --oOo--

        THE CLERK:  Calling Case Number 20-CV-9241, Kain versus ACM Research, Inc., et al.  Counsel for the Plaintiffs, please state your appearances for the record.

        MR. KIM (Zoom):  Good afternoon, your Honor. Phillip Kim, Rosen Law Firm, for Plaintiffs.

        THE COURT:  Which Plaintiff?

        MR. KIM:  For Plaintiff Karin Hiu Man Yeung.

        THE COURT:  Okay.

        MR. HOOD (Zoom):  Good afternoon, your Honor. Alex Hood of Pomerantz, LLP.  Here for Plaintiff Jeffrey Kain.

        THE COURT:  Okay.

        THE CLERK:  For Defendant?

        MR. FELDMAN (Zoom):  Good afternoon, your Honor. Boris Feldman of Freshfields Bruckhaus Deringer for the Defendants.

        THE COURT:  Good afternoon.

        MR. GAVRIL (Zoom):  Good afternoon, your Honor. Doru Gavril from Freshfields, also for Defendants.

        THE COURT:  Mr. Feldman, am I misremembering. Weren't you at like Wilson or something like that in the last case that we had with you?

4

MR. FELDMAN:  Yes, but just for 33 years, your Honor.

THE COURT:  All right.  You've -- they finally decided to fire you?

MR. FELDMAN:  Enough was enough, correct.

THE COURT:  Okay.  So, I guess, you know, my questions are pretty much exclusively directed at the Plaintiffs, and I guess the first thing I'll say is it seems like you've gotten off to a rocky start in this case.  I mean, you -- you have this -- you know, you have these separate motions to be lead Plaintiff, and then you say that, you know, you should be combined even though you don't have any -- you know, even though the relationship is artificial.  And then you say, well, if -- and then you say that I can't consider the Defendants' objections, which I think can't possibly be right.  And then -- and then you propose that if you -- if you don't combine us, you should name -- Yeung should be the lead Plaintiff, not Kain, even though Yeung didn't suffer any loss -- losses in the case as a result of the alleged fraud.  So you've put your heads together, and you've decided that if I have to choose one Plaintiff, I should choose the Plaintiff that didn't suffer any losses as a result of the alleged fraud.  I mean, it leaves on, you know, feeling a little skeptical about your case and, you know, what -- and about the accuracy of the

5

allegations you've made in the underlying case.

How -- so, but, anyway, putting that aside, how -- you know, you're saying that if I don't combine the two Plaintiffs, I should make Yeung the -- the lead Plaintiff. How can I do that when it seems obvious that Yeung didn't suffer any loss as a result of the alleged fraud?

MR. KIM:  Well, your Honor, I think as we -- I think as we noted in the briefing, courts have taken different approaches in assessing financial interests at lead Plaintiffs stage.  We cited --

THE COURT:  Yeah, but any court that takes the approach that Ms. Yeung suffered any loss, how could that be right?

MR. KIM:  It can be -- it can be right if you assess financial interests in the context of economic loss. This is a case, your Honor, where the allegations, as Mr. Feldman noted, were revealed in a J. Capital Research report.  That report cited --

THE COURT:  Before which -- before which Ms. Yeung sold her shares, right?

MR. KIM:  That's correct, your Honor.  That's correct, your Honor.  And that report cites information that J. Capital Research had submitted to the Shanghai Stock Exchange back I believe in August of -- July and August of 2020 around the time Ms. Yeung was buying and selling her

6

stock.  Now, that information was publically available in China.  And although that information was in Chinese and it's reference in the report, there could be plausible theories when we amend the complaint that that information leaked into the marketplace.

THE COURT:  But as between the two -- as between the two Plaintiffs, why would you propose that the one to be named lead Plaintiff be the one that has this problem with establishing loss causation?  I mean --

MR. KIM:  Well, I don't -- I don't think --

THE COURT:  -- what you just said, I mean, do you really want to lead with a Plaintiff where you're going to have to make that argument about loss causation?

MR. KIM:  Understood, your Honor.  I understand the point.  I think -- I think the issue is is if the Court were to assess a financial interest using economic loss, which it sounds like the Court is not willing to do --

THE COURT:  No, not for purposes of naming her the lead Plaintiff.  I don't -- I mean, again, it just raised -- this whole thing is sort of sketchy and raises real questions to me about, you know, the validity of the lawsuit when you -- you know, when you've got Plaintiff's lawyer proposing that this be your lead Plaintiff.

MR. KIM:  Well -- well, your Honor, if -- like I said, if the Court's view is that the Court's not going to

7

credit losses from any non-transactions, then certainly Ms. Yeung does not have the largest financial interest, and that would be -- the other lead Plaintiff would have been here, Mr. Kain.  But we made the argument and presented it to the Court that if the Court were to assess financial interests using the economic loss rather than sort of the recoverable loss mechanism, then we would have the largest financial interest.

So if the Court is going to rule -- and it seems like it's clear that the Court will rule that financial interests should be measured against recoverable loss under Dura, then I would concede that Ms. Yeung does not have the larger financial interest in this instance, and certainly the -- the larger financial interest would be with Mr. Kain, and that's not a position that I would contest.

THE COURT:  Okay.  Anything else from the Plaintiff's side?

MR. KIM:  Nothing, your Honor.

MR. HOOD:  Your Honor, nothing to add except for the fact that Mr. Kain is willing and able to serve as lead Plaintiff if the Court declines to appoint Ms. Yeung.

THE COURT:  Okay.  Mr. Feldman, any -- anything you want to address?

MR. FELDMAN:  I just want to give the Court two citations from this District, obviously not binding on you.

One is <u>Hearst v. Enphase Energy</u>, E-N-P-H-A-S-E --

THE COURT:  Is that Beth Freeman opinion?

MR. FELDMAN:  Yes, your Honor.

THE COURT:  Yeah.  I've read that.

MR. FELDMAN:  The other is by Judge Koh, <u>Pearl Mudder v. Intuitive Surgical</u>, both of which ruled that where lead Plaintiff applicant had sold the stock before the alleged corrective disclosure, they're not eligible to serve as lead Plaintiff.

THE COURT:  Yeah, I think those cases are -- my law clerk found those cases also, and I think they're clearly correct.

Anything else?

MR. FELDMAN:  No, your Honor.  Thank you.

THE COURT:  Okay.  So I don't think -- first of all, the argument that -- that I can't consider the objections from the Defense, I don't agree with that at all. The statute was -- you know, I think you're trying to interpret -- the Courts that have said that are interpreting too -- too much from silence of the statute.  I think you have to consider the statute against the backdrop of the obvious point that when a defendant gets hauled into court, they can -- they can weigh in on something about how the case is going to go.  And I think it would not be appropriate under these circumstances given the concerns --

9

various concerns raised by the Defendant to combine the two Plaintiffs to be the lead Plaintiffs, and I don't think it would be appropriate at all to appoint Ms. Yeung to be the lead Plaintiff, and so I'm appointing Kain to be the lead Plaintiff.

And who's Kain's counsel?

MR. HOOD:  I am, your Honor, Pomerantz, LLP.

THE COURT:  So you're appointed lead counsel, and does -- does a consolidated complaint need to be filed or do we just go with the complaint that Kain filed?

MR. HOOD:  Your Honor, we and the Defendants have submitted a stipulation that the Court endorsed, providing that within 14 days of appointment of a lead Plaintiff and lead counsel, we and Defendants would meet and confer and propose a schedule for the filing of an amended complaint, Defendants' anticipated motion to dismiss, and all associated briefing.

THE COURT:  Okay.  And don't -- maybe don't make it the usual thing of like the hearing on the motion to dismiss is going to be six months from now.  I understand that you need more time in these securities cases than the typical cases, but I often find that the -- the schedules are too -- too elongated in these cases, especially since oftentimes, you know, you go through several rounds of a motion to dismiss.  So all the sudden we find ourselves like

10

three years after the case has been filed.  So, you know, why don't you aim to -- aim to have a -- a hearing on the motion to dismiss, you know, in -- what is it now -- in like, you know, mid -- mid to late June, something like that.

MR. HOOD:  Motion to dismiss by mid to late June, your Honor?

THE COURT:  Hearing on the motion to dismiss by mid to late June, yeah.

MR. HOOD:  Understood.  Thank you.

MR. FELDMAN:  No problem, your Honor.  Thank you.

THE COURT:  Okay.  Thank you very much.

THE CLERK:  Judge, one thing I wanted to bring up. I noticed on the docket for the Pomerantz firm, there are several attorneys who have not been admitted pro hac.

THE COURT:  Another way in which they have gotten off to a bad start in this case.

THE CLERK:  So I just wanted to bring that up.  We should have those filed as soon as possible, hopefully within no longer than 14 days.

THE COURT:  I'm ordering that the pro hoc vice applications be filed within 14 days.  They should have been filed at the very start of the case.

MR. HOOD:  Understood, your Honor.  We apologize, and we'll promptly comply.

THE COURT:  Okay.  Anything else from anyone?
Okay.

MR. FELDMAN:  Thank you, your Honor.

(Proceedings adjourned at 3:07 p.m.)

12

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Friday, April 23, 2021

*Echo Reporting, Inc.*