BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
DREW LIMING, State Bar No. 305156
drew.liming@freshfields.com
M. ABIGAIL WEST, State Bar No. 324456
abigail.west@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
2710 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 618-9250


*Attorneys for Defendants ACM Research, Inc.,*
*David Hui Wang, Lisa Feng, and Mark A. McKechnie*


# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY KAIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACM RESEARCH, INC., DAVID HUI WANG, LISA FENG, and MARK A. MCKECHNIE,<br><br>Defendants. | Case No.: 3:20-CV-09241-VC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:     July 8, 2021<br>Time:     2:00 p.m.<br>Location:  Courtroom 4 - 17th Floor<br>Judge:    Hon. Vince Chhabria |

REPLY ISO DEFS' MOTION TO DISMISS
CASE NO. 3:20-CV-09241-VC

**TABLE OF CONTENTS**

EXECUTIVE SUMMARY…………………………………………………………………….....  1

ARGUMENT…………………………………………………………………………………....  2

   I.     PLAINTIFF MISSTATES THE LEGAL STANDARDS……………………………………  2

  II.    PLAINTIFF MISSTATES THE PUBLIC RECORD (AGAIN)..............................................  3

 III.   PLAINTIFF FAILS TO PLEAD ANY FACTS SHOWING SCIENTER…………………...  4

 IV.   PLAINTIFF DOES NOT ALLEGE A FALSE OR MISLEADING STATEMENT ………...  6

  V.    PLAINTIFF FAILS TO PLEAD LOSS CAUSATION WITH PARTICULARITY…………  8

CONCLUSION……………………………………………………………………………… 10

**TABLE OF AUTHORITIES**

**CASES**

*Berson v. Applied Signal Tech., Inc.*,
527 F.3d 982 (9th Cir. 2008)............................................................................ 4

*Bodri v. GoPro, Inc.*,
252 F. Supp. 3d 912 (N.D. Cal. 2017)............................................................ 8

*Camp v. Qualcomm Inc.*,
2020 U.S. Dist. LEXIS 42079 (S.D. Cal. Mar. 10, 2020)............................9

*Cunningham v. Identiv, Inc.*,
716 F. App'x 663 (9th Cir. 2018)...................................................................9

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010).........................................................................2

*Diaz v. N. Dynasty Minerals*,
2018 U.S. Dist. LEXIS 237781 (C.D. Cal. Apr. 30, 2018)...........................7

*Eng v. Edison Int'l*,
2018 U.S. Dist. LEXIS 43629 (S.D. Cal. Mar. 16, 2018)............................. 9

*Eng v. Edison Int'l*,
2017 U.S. Dist. LEXIS 69196 (S.D. Cal. May 5, 2017)................................10

*Fecht v. Price Co.*,
70 F.3d 1078 (9th Cir. 1995)..........................................................................2

*Graves v. AECOM*,
2017 U.S. Dist. LEXIS 222299 (C.D. Cal. June 19, 2017)............................ 6

*Grigsby v. BofI Holding, Inc.*,
979 F.3d 1198 (9th Cir. 2020)........................................................................9

*In re Daou Sys., Inc. Sec. Litig.*,
411 F.3d 1006 (9th Cir. 2005).......................................................................7

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008)........................................................................8

*In re Nektar Therapeutics*,
2020 U.S. Dist. LEXIS 122715 (N.D. Cal. July 13, 2020)............................6

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014).....................................................................4, 5

*In re Rigel Pharms., Inc. Secs. Litig.,*
   697 F.3d 869 (9th Cir. 2012)................................................................................5

*In re Sandisk LLC Secs. Litig.,*
   2018 U.S. Dist. LEXIS 157177 (N.D. Cal. Sep. 4, 2018).................................. 3

*In re Stac Elecs. Sec. Litig.,*
   89 F.3d 1399 (9th Cir. 1996)................................................................................2

*Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.,*
   2021 U.S. App. LEXIS 14892 (9th Cir. May 19, 2021)............................... 1, 9

*Kelly v. Elec. Arts, Inc.,*
   2015 U.S. Dist. LEXIS 57130 (N.D. Cal. Apr. 30, 2015)................................. 3

*Kim v. Advanced Micro Devices, Inc.,*
   2019 U.S. Dist. LEXIS 87287 (N.D. Cal. May 23, 2019)................................2

*Korzen v. Tetra Tech Inc.,*
   2014 U.S. Dist. LEXIS 191634 (C.D. Cal. Jan. 17, 2014)............................... 4

*Kuhne v. Gossamer Bio, Inc.,*
   2021 U.S. Dist. LEXIS 74546 (S.D. Cal. Apr. 18, 2021).................................. 8

*Lipton v. Pathogenesis Corp.,*
   284 F.3d 1027 (9th Cir. 2002)..............................................................................5

*Lopes v. Fitbit, Inc.,*
   2020 U.S. Dist. LEXIS 52187 (N.D. Cal. Mar. 23, 2020)........................... 8, 9

*Lopes v. Fitbit, Inc.,*
   2021 U.S. App. LEXIS 14537 (9th Cir. May 17, 2021).................................... 9

*Miller v. PCM, Inc.,*
   2018 U.S. Dist. LEXIS 148930 (C.D. Cal. Jan. 3, 2018).................................. 7

*Miller v. Thane Int'l, Inc.,*
   519 F.3d 879 (9th Cir. 2008)................................................................................8

*Mineworkers' Pension Scheme v. First Solar Inc.,*
   881 F.3d 750 (9th Cir. 2018)................................................................................9

*Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.,*
   774 F.3d 598 (9th Cir. 2014)................................................................................2

*Police Ret. Sys. v. Intuitive Surgical, Inc.,*
   759 F.3d 1051 (9th Cir. 2014)..............................................................................4

*Prodanova v. H.C. Wainwright & Co., LLC,*
    993 F.3d 1097 (9th Cir. 2021)............................................................................................5

*Reese v. Malone,*
    747 F.3d 557 (9th Cir. 2014)..............................................................................................4

*Rok v. Identiv, Inc.,*
    2017 U.S. Dist. LEXIS 1019 (N.D. Cal. Jan. 4, 2017)......................................................9

*Sayce v. Forescout Techs., Inc.,*
    2021 U.S. Dist. LEXIS 57256 (N.D. Cal. Mar. 25, 2021).................................................3

*Smith v. NetApp, Inc.,*
    2021 U.S. Dist. LEXIS 66302 (N.D. Cal. Feb. 1, 2021)....................................................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007)............................................................................................................4

*Veal v. LendingClub Corp.,*
    423 F. Supp. 3d 785 (N.D. Cal. 2019)...............................................................................6

*Zucco Partners, LLC v. Digimarc Corp.,*
    552 F.3d 981 (9th Cir. 2009).....................................................................................2, 5, 7

**RULES**

Fed. R. Civ. P. 9(b).................................................................................................................... 2

**EXECUTIVE SUMMARY**

Plaintiff's own Opposition shows why this lawsuit should be dismissed.  The Opposition adds nothing to the allegations of Plaintiff's prior two complaints, themselves largely copied from an attack piece by a self-interested short seller.  The entire thesis behind this lawsuit is that a plaintiff can simply file a short-seller report as his complaint and hope that it survives the rigors of the Private Securities Litigation Reform Act.  It does not.

Aware of the weakness of his Amended Complaint, Plaintiff attempts to supplement it with an eleventh-hour declaration by his own counsel.  In it, counsel argues that he spoke to the short-seller and concluded that unidentified documents purportedly "supported J Capital's charges."  Opp. at 6; ECF 55.  The declaration contains no specifics about the purported information counsel learned and, unsurprisingly, fails to cure any of the legal deficiencies in the Amended Complaint, each of which is independently fatal:

- No particularized facts supporting a "strong inference" of scienter.  MTD at 4-6.
- No factual bases for Plaintiff's allegations, such as the witnesses J Capital supposedly interviewed.  MTD at 7-9.
- No particularized facts challenging the accuracy of Defendants' statements.  MTD at 9-13. As Plaintiff admits, J Capital's attacks are based simply on speculative interpretation of ACMR public disclosures.  Opp. at 2 (("revenue *could* be overstated"; "[i]nventory levels *appeared* unusually high") (emphases added)) .
- No particularized facts showing that ACMR's stock price variation was due to any revelation of purported fraud rather than day-to-day volatility.  MTD at 13-14.

Defendants respectfully suggest that the upcoming hearing offers the Court an opportunity to ask Plaintiff's counsel about its conversation with J Capital.  For example, did J Capital profit from its short-seller attacks?  How many ACMR shares had J Capital shorted?  Did J Capital work in concert with others?  Did counsel speak to J Capital before or after Plaintiff filed its lawsuit?  Defendants believe the responses to such questions may reveal further defects in Plaintiff's case.

Unsubstantiated lawsuits like this one impose "enormous social and economic costs." *Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 2021 U.S. App. LEXIS 14892, at *11-12 (9th Cir.

May 19, 2021).  Allowing Plaintiff to amend again will not magically make J Capital's attacks sufficient under the PSLRA.  He has failed to identify any improvements he could make to his already-amended complaint.  Opp. at 15 n.15.  Plaintiff, who speculated on options, never owned ACMR stock, and was ready to transition his lawsuit to another plaintiff uncontested, has not been able to articulate a cognizable claim six months after the filing of his original complaint.

This may be the rare case where dismissal should be with prejudice.

## ARGUMENT

### I.   PLAINTIFF MISSTATES THE LEGAL STANDARDS

From the onset, Plaintiff's Opposition is premised on a misstatement of three legal standards that govern his claims.  First, the Opposition incorrectly argues that Plaintiff's allegations are sufficient because they "plausibly state a claim."  Opp. at 8.  That is the wrong standard.  "Securities fraud class actions must meet the higher, exacting pleading standards of Federal Rule of Civil Procedure 9(b) and the [PSLRA]."  *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 604 (9th Cir. 2014).  Plaintiff's attempt to apply a lower standard is a tacit concession that he cannot "state with particularity the circumstances constituting fraud[.]"  Fed. R. Civ. P. 9(b).

Second, Plaintiff also mistakenly contends that the Court must accept his allegations "as true[.]"  Opp. at 7.  But the Amended Complaint is composed of "conclusory allegations of law and unwarranted inferences[,]" which receive no such deference.  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Third, Plaintiff seeks to delay the Court's assessment of his Amended Complaint by claiming it raises "mixed question[s]" of law and fact.  Opp. at 8 (citing *Fecht v. Price Co.*, 70 F.3d 1078, 1081 (9th Cir. 1995)).  As Judge Davila explained, *Fecht* does not reflect the current state of securities law because it "is a pre-PSLRA case."  *Kim v. Advanced Micro Devices, Inc.*, 2019 U.S. Dist. LEXIS 87287, at *32 (N.D. Cal. May 23, 2019) (distinguishing *Fecht*).  Plaintiff cannot avoid the well-established post-PSLRA requirement that he plead facts with particularity.  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009) (PSLRA requires plaintiffs "plead with particularity both falsity and scienter").

Plaintiff cannot escape the Court's scrutiny by obscuring the applicable legal standards.

## II.   PLAINTIFF MISSTATES THE PUBLIC RECORD (AGAIN)

Plaintiff fares no better in his attempt to distort the public record.  The Amended Complaint misquoted its own source material.  MTD at 8-9.  Plaintiff took secondhand quotes that J Capital had attributed to two different people—a purported former ACMR employee and a third-party—and combined the quotes to attribute *both* to the supposed former employee.  *Id.*  This Court has previously found that similar mischaracterizations "very likely crossed an ethical line."  *In re Sandisk LLC Secs. Litig.*, 2018 U.S. Dist. LEXIS 157177, at *6-7 (N.D. Cal. Sep. 4, 2018) (Chhabria, J.) (discussing plaintiffs' characterization of confidential witness statement).  Even though Defendants identified this error, Plaintiff failed to correct or even acknowledge it.

Plaintiff's Opposition contains similar inaccuracies.  His statement that ACMR "failed to contest" J Capital's assertions is contradicted by the Amended Complaint itself.  Opp. at 7.  As the Amended Complaint admits, on December, 15, 2020, ACMR disclosed a 116-page refutation of J Capital's allegations.  ¶ 146.  Plaintiff's conclusions are "entitled to no presumption of truth," when they are contradicted by the Amended Complaint or documents on which it relies.  *Kelly v. Elec. Arts, Inc.*, 2015 U.S. Dist. LEXIS 57130, at *24 (N.D. Cal. Apr. 30, 2015) (Illston, J.).

Plaintiff also attempts to portray J Capital's report as revealing various purported "facts" that ACMR allegedly omitted.  Opp. at 2-3.  Plaintiff neglects to mention that J Capital repeatedly cited ACMR's own SEC filings as its source.  Defendants already identified this problem once, for which Plaintiff offered no explanation.  MTD at 12.  Plaintiff now doubles down, Opp. at 11, accusing ACMR of omitting information about its Chinese subsidiary that ACMR had *actually disclosed* in an SEC filing (Ex. H at 203), that *even J Capital cited* as its source.  Ex. C at 10.

Even as Plaintiff misstates the public record, he also objects to the Court judicially noticing and examining it.  *See* ECF 54.  The PSLRA does not suffer complaints based on such "alternative facts."  *See Sayce v. Forescout Techs., Inc.*, 2021 U.S. Dist. LEXIS 57256, at *5 (N.D. Cal. Mar. 25, 2021) (Illston, J.) (dismissing securities complaint; "the court is not required to accept as true allegations that contradict . . . matters properly subject to judicial notice").

### III.    PLAINTIFF FAILS TO PLEAD ANY FACTS SHOWING SCIENTER

Plaintiff's Opposition provides none of the particularized facts required to make his conclusory allegations of scienter "more than merely plausible or reasonable[.]"  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).  Plaintiff's entire scienter allegations are subsumed to a single, boilerplate paragraph asserting the Individual Defendants' positions at ACMR. ¶ 147.  The Opposition does not dispute that the Amended Complaint improperly attempts to infer scienter from job titles.  MTD at 5-6.  Instead of addressing the legal authorities in Defendants' motion to dismiss, Plaintiff side-steps the issue, invoking the core operations doctrine and conjuring a hypothetical "motive."  Opp. at 11-13.  These arguments fail.

***Core Operations Doctrine Is Inapplicable.***  As the Court knows, the doctrine permits courts to infer management's knowledge in limited circumstances, such as when management had access to specific information concerning a topic of critical significance.  *E.g.*, *Reese v. Malone*, 747 F.3d 557, 576 (9th Cir. 2014) ("absurd to think" manager responsible for specific pipelines would not know of pipelines' conditions following spills); *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 984, 987-88 (9th Cir. 2008) (inferring knowledge of "stop-work orders" affecting 80% of the company's revenue).  But the Ninth Circuit does not permit plaintiffs to invoke the core operations doctrine without *detailed* factual allegations.  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1063 (9th Cir. 2014) (affirming dismissal).  As the Ninth Circuit held, "absent some additional allegation of specific information conveyed to management and related to the fraud or other allegations supporting scienter, the core operations inference will generally fall short of a strong inference of scienter."  *Id.*  "Proof under this theory is not easy."  *Police Ret. Sys. v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1062 (9th Cir. 2014) (affirming dismissal).  Here, Plaintiff identifies no such information.

Plaintiff argues that Defendants discussed ACMR's financials on earnings calls, so scienter of any inaccuracy must be "inferred."  Opp. at 11-12.  First, financial statements and accounting are *not* a core operation.  *See Korzen v. Tetra Tech Inc.*, 2014 U.S. Dist. LEXIS 191634, at *14 (C.D. Cal. Jan. 17, 2014) ("Accounting treatment may not be operationally visible to a company's executives, and does not generally amount to the type of information found to be a core operation.").  Second, Plaintiff does not allege any "specific information conveyed to management" that would alert them of

REPLY ISO DEFS' MOTION TO DISMISS                4
CASE NO. 3:20-CV-09241-VC

any inaccurate statements. *NVIDIA*, 768 F.3d at 1063. Management regularly discusses financials on earnings calls, so Plaintiff's argument functionally eliminates the element of scienter for every lawsuit involving financial statements.

**Speculative "Motive" Not Enough for Scienter.** Unable to plead any *facts*, Plaintiff speculates that ACMR's executives had a "motive" to lie to investors to cover up purported threats to the Company's "very existence." Opp. at 12. This too fails.

First, the Ninth Circuit has repeatedly explained that, in securities litigation, scienter may not be pleaded through "motive" allegations. *See, e.g.*, *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1108 (9th Cir. 2021) ("To meet the PSLRA's high burden for pleading scienter, a complaint cannot rely on mere motive and opportunity"); *Zucco*, 552 F.3d at 998 ("this allegation demonstrates only 'motive and opportunity,' which, without more, is not enough to establish a cogent and compelling inference of scienter").

Second, a desire for a company's continued existence is the sort of routine corporate objective that the Ninth Circuit has repeatedly held is not a basis for fraud. *In re Rigel Pharms., Inc. Secs. Litig.,* 697 F.3d 869, 884 (9th Cir. 2012) ("allegations of routine corporate objectives . . . are not, without more, sufficient to allege scienter"); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2002) (desire to obtain favorable financing was routine business objective that does not provide motive for fraud). If Plaintiff's theory were credited, "virtually every company in the United States that experiences a downturn in stock price could be forced to defend securities fraud actions." *Lipton*, 284 F.3d at 1038.

Third, Plaintiff does not plead any particularized facts suggesting that ACMR's existence was in question at any point during the Class Period. Despite Plaintiff's dramatic statement, he pleads no facts showing that the IPO of ACMR's Chinese subsidiary was of "existential importance" to the Company. Opp. at 12. Instead, ACMR believed it would help accelerate the Company's *existing* growth in China. *Id.* (IPO would help "improv[e] our ability to market our products" and "build[] our brand" in China). In addition, Plaintiff's claim that a planned public offering to *Chinese* investors meant that Defendants needed "to present a positive image of the Company to *American* investors" is inherently contradictory. Opp. at 13 (emphasis added).

Courts in this district regularly dismiss complaints containing scienter allegations far stronger than that here. *See, e.g.*, *Smith v. NetApp, Inc.*, 2021 U.S. Dist. LEXIS 66302, at *22-27 (N.D. Cal. Feb. 1, 2021) (Tigar, J.) (no scienter despite GAAP violations, SOX certifications, and stock sales); *Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 812-18 (N.D. Cal. 2019) (Freeman, J.) (no scienter despite allegations from confidential witnesses and government regulators). Plaintiff comes nowhere near the "high bar for pleading scienter." *Graves v. AECOM*, 2017 U.S. Dist. LEXIS 222299, at *29 (C.D. Cal. June 19, 2017).[1]

## IV.   PLAINTIFF DOES NOT ALLEGE A FALSE OR MISLEADING STATEMENT

The Opposition's recitation of the Amended Complaint does nothing to advance Plaintiff's case. Opp. at 8-9. Plaintiff cannot escape the fact that his Amended Complaint relies entirely on an unverified short-seller attack and fails to allege facts showing that Defendants' statements were false.

***Complete Reliance on J Capital***. Plaintiff cannot premise a securities fraud complaint on J Capital's short-seller attacks. MTD at 7-8. *Although he claims the Amended Complaint relies on sources other than J Capital, Plaintiff is unable to identify any*. Opp. at 9. Plaintiff references a supposed "mountain of Chinese language documents[,]" but the Amended Complaint does not cite any documents, not even enough for a mole-hill. *Id.* Similarly, Plaintiff's vague invocation of negative "market sentiment" does nothing to identify a single false statement. *Id.* Plaintiff misrepresents the "market sentiment" and opposes judicial notice of analyst reports that strongly disagreed with J Capital's accusations (Exs. D & E).

Due to his complete reliance on J Capital, Plaintiff cannot provide the Court with the basic information necessary to credit his accusations. *See Nektar Therapeutics*, 2020 U.S. Dist. LEXIS 122715, at *29 (dismissing complaint; short-seller report "subject to the same standard applied to evaluate facts alleged to have originated with any 'confidential informant' (or other witness)"). For example, Plaintiff claims that J Capital's reports are based on "more than 40 interviews" (Opp. at 2),

---

[1] Plaintiff mistakenly faults Defendants for not offering a "competing inference." Opp. at 13 n.9. As Judge Gilliam recently explained, "Defendants do not bear the burden to offer nonfraudulent explanations for their statements." *In re Nektar Therapeutics*, 2020 U.S. Dist. LEXIS 122715, at *36 (N.D. Cal. July 13, 2020). ACMR's detailed 116-page refutation of J Capital's allegations is available at https://www.sec.gov/Archives/edgar/data/0001680062/000114036120028466/brhc10017901_ex99-01.htm.

REPLY ISO DEFS' MOTION TO DISMISS                 6
CASE NO. 3:20-CV-09241-VC

but does not plead whom J Capital interviewed, what they said, and how credible the interviewees were.  These circumstances are like those in *Diaz v. N. Dynasty Minerals*, in which the court rejected reliance on a short-seller report because "the confidential sources whose statements comprise the basis of the [short-seller] Report are not described with any identifying information[.]"  2018 U.S. Dist. LEXIS 237781, at *19-20 (C.D. Cal. Apr. 30, 2018).  Here too, Plaintiff cannot meet the Ninth Circuit's requirement to "provide an adequate basis for determining that the witnesses in question have personal knowledge of the events they report."  *Zucco*, 552 F.3d at 995.  This Court would not credit allegations attributed to confidential witnesses without facts to establish personal knowledge.  It should not credit them based on hearsay interviews in a self-interested short-seller report.

Plaintiff does not dispute that Judges Seeborg, Orrick, and Gilliam have all dismissed similar lawsuits premised on short-seller attacks.  MTD at 7.  He also admits that two other courts have recently dismissed securities complaints based on J Capital's short-seller attacks.  Opp. at 5 n.3; *see also* MTD at 7.  Plaintiff does not offer any rationale for why this Court should depart from those recent decisions.  The few cases he cites stand for the uncontroversial proposition that short-seller reports can be used to allege falsity *when corroborated by factual allegations from other sources*.  Opp. at 5, 9.  The Amended Complaint is devoid of any such corroborating facts.[2]

***Plaintiff Concedes Defendants' Statements Were Accurate.***  In his Opposition, Plaintiff abandons his challenges to most of Defendants' statements.[3]  Plaintiff's only remaining challenge is to two narrow topics: ACMR's access to monies raised by its subsidiary, and ACMR's credit lines.  Opp. at 10.  Ultimately, Plaintiff admits that ACMR disclosed accurate information about both.  *Id.*

Plaintiff concedes that ACMR disclosed that investors would be highly unlikely to access any funds raised by its subsidiary in a potential public offering in China.  Opp. at 10.  His only quibble is

[2] Plaintiff rebrands J Capital's repeated caveats (*e.g.*, "we believe" and "we think") as "non-ironclad language," rather than opinions.  Opp. at 9 n.6.  No matter what one calls them, they "fail[] to satisfy the PSLRA's requirements."  *Miller v. PCM, Inc.*, 2018 U.S. Dist. LEXIS 148930, at *29 (C.D. Cal. Jan. 3, 2018) (dismissing complaint based on short-seller's opinions); MTD at 10.

[3] For example, Plaintiff does not argue that he pleaded the "basic details" to assert an accounting claim.  MTD at 10 (citing *In re Daou Sys., Inc. Sec. Litig.*, 411 F.3d 1006, 1016 (9th Cir. 2005)).  Defendants also showed that ACMR had already disclosed the information Plaintiff claimed was omitted.  MTD at 11-12 (sales agents disclosed; R&D costs disclosed), 12 (equipment payments disclosed), 12-13 (credit lines disclosed), 13 n.4 (access to subsidiary's funds disclosed).

REPLY ISO DEFS' MOTION TO DISMISS                 7
CASE NO. 3:20-CV-09241-VC

that ACMR did not absolutely foreclose that possibility. *Id.* Plaintiff provides no factual basis for his conclusion that "American investors absolutely could not receive dividends." *Id.*; *see also Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 928 (N.D. Cal. 2017) (Tigar, J.) (dismissing complaint; "[p]laintiff has not alleged any facts that directly contradict the earlier statement"). In addition, ACMR's disclosures were directly on point, as Plaintiff's own case highlights. Opp. at 10 (citing *Miller v. Thane Int'l, Inc.*, 519 F.3d 879, 886 (9th Cir. 2008)). In *Thane*, the Ninth Circuit held that literally true statements can be actionable if they strongly imply an inaccurate state of affairs. 519 F.3d at 886 (statements that company had been approved to be listed on NASDAQ and shareholders would have greater liquidity strongly implied upcoming NASDAQ listing). Unlike in *Thane*, ACMR disclosed the correct state of affairs. Plaintiff admits that ACMR told investors not to expect dividends from its Chinese subsidiary, so no reasonable investor would have believed dividends were forthcoming. Opp. at 10 ("[u]nder existing [Chinese] laws and regulations, it may be difficult, if not impossible, for [ACMR] to be able to receive dividends comprised of funds generated by ACM Shanghai"); *see also Kuhne v. Gossamer Bio, Inc.*, 2021 U.S. Dist. LEXIS 74546, at *13 (S.D. Cal. Apr. 18, 2021) (dismissing complaint; "[i]n context, a reasonable investor would not be misled").

Plaintiff's challenge to ACMR's disclosures regarding its credit lines fares no better. Opp. at 10. Parroting the J Capital report (errors and all), Plaintiff refers to 15 lines of credit as evidence that ACMR was supposedly cash strapped. ¶ 137. As ACMR's Form 10-Q (cited by J Capital) makes clear, ACMR had only 6 lines of credit, and they were disclosed to anyone reading the Form 10-Q. Ex. J at 40. Plaintiff complains that the credit lines were not disclosed "until 1 week prior to the end of the Class Period." *Id.* He never explains how the existence of lines of credit makes statements about cash balances false. MTD at 12-13. Besides, if Plaintiff had conducted an investigation before filing the Amended Complaint, he would have found that ACMR did not just disclose its credit lines in 3Q20. It did so *each quarter*. *E.g.*, Ex. I at 36; Ex. K at 64.

## V.   PLAINTIFF FAILS TO PLEAD LOSS CAUSATION WITH PARTICULARITY

Finally, Plaintiff applies an outdated, low pleading standard for loss causation. Opp. at 13 (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)). Since *Gilead*, "[t]he Ninth Circuit has held that, as with other elements of a securities fraud claim, plaintiffs must plead loss

causation with the particularity required by Federal Rule of Civil Procedure 9(b)." *Lopes v. Fitbit, Inc.*, 2020 U.S. Dist. LEXIS 52187, at *13 (N.D. Cal. Mar. 23, 2020) (Tigar, J.), *aff'd* 2021 U.S. App. LEXIS 14537 (9th Cir. May 17, 2021) (dismissing complaint); *Uber*, 2021 U.S. App. LEXIS 14892, at *11 ("Rule 9(b) applies to all elements of a securities fraud action, including loss causation."). Courts in this district regularly dismiss complaints for failing to allege loss causation with particularity. *E.g.*, *Fitbit*, 2020 U.S. Dist. LEXIS 52187, at *35-37 ("Plaintiffs fail to plausibly allege a causal connection"); *Rok v. Identiv, Inc.*, 2017 U.S. Dist. LEXIS 1019, at *61-62 (N.D. Cal. Jan. 4, 2017) (Breyer, J.) (complaint "failed to adequately plead that the decline in the defendant's stock price was proximately caused by a revelation of fraudulent activity").[4]

Plaintiff fails to plead "*specific facts* indicating that the decline in the defendant's stock price was proximately caused by a revelation of fraudulent activity[.]" *Cunningham v. Identiv, Inc.*, 716 F. App'x 663, 664 (9th Cir. 2018) (emphasis added). He does not dispute that the two small stock declines he identifies were well within ACMR's normal day-to-day fluctuations. MTD at 14. He also does not allege that the declines were statistically significant. He knows that they were not and damages in this case are zero. MTD at 13-14 (citing *Camp v. Qualcomm Inc.*, 2020 U.S. Dist. LEXIS 42079, at *19 (S.D. Cal. Mar. 10, 2020); *Eng v. Edison Int'l*, 2018 U.S. Dist. LEXIS 43629, at *6-7 (S.D. Cal. Mar. 16, 2018)). Plaintiff has simply failed to allege any "specific facts" that the stock variability was due to anything other than "changing market conditions, changing investor expectations, or other unrelated factors." *Identiv*, 716 F. App'x at 664.[5]

To cover his failure to allege loss causation with particularity, Plaintiff mistakenly claims that this is a factual dispute the Court cannot resolve. Opp. at 15. There is no factual dispute because Plaintiff did not plead any *facts*. His claims that the stock variation was due to J Capital's attacks

---

[4] *Mineworkers' Pension Scheme v. First Solar Inc.*, is irrelevant. Opp. at 13 (citing 881 F.3d 750 (9th Cir. 2018)). *First Solar* was a summary judgment decision about the scope of proximate cause. 881 F.3d at 753. It did not alter Plaintiff's burden to plead with particularity "whether the defendant's misstatement, as opposed to some other fact" caused the alleged loss. *Id.* at 754.

[5] The market's non-reaction is unsurprising. The information purportedly "revealed" by J Capital had already been publicly disclosed by ACMR's own filings, *supra* at 7 n.3. *See Grigsby v. BofI Holding, Inc.*, 979 F.3d 1198, 1208-09 (9th Cir. 2020) (affirming dismissal for failure to plead loss causation in connection with short-seller report discussing "information available in public documents").

REPLY ISO DEFS' MOTION TO DISMISS                9
CASE NO. 3:20-CV-09241-VC

rather than market volatility "are not facts; they are inferences or legal conclusions Plaintiff[] believe[s] are warranted." *Eng v. Edison Int'l*, 2017 U.S. Dist. LEXIS 69196, at *11 (S.D. Cal. May 5, 2017).  Such conclusions receive no deference.  *Supra* at 2.

## CONCLUSION

Defendants respectfully request that the Court dismiss the Amended Complaint.[6]

Dated: June 24, 2021                              Respectfully submitted,

                                                 FRESHFIELDS BRUCKHAUS DERINGER US LLP

                                                 By: _/s/ Boris Feldman_____
                                                         Boris Feldman

                                                 *Attorneys for Defendants*

---

[6] Plaintiff's 20(a) claim and any purported claim under Rule 10b-5(a) or (c) fail for the same reasons as the primary 10(b) claim.

REPLY ISO DEFS' MOTION TO DISMISS              10
CASE NO. 3:20-CV-09241-VC