BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
DREW LIMING, State Bar No. 305156
drew.liming@freshfields.com
M. ABIGAIL WEST, State Bar No. 324456
abigail.west@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
2710 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 618-9250

*Attorneys for Defendants ACM Research, Inc.,*
*David Hui Wang, Lisa Feng, and Mark A. McKechnie*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY KAIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACM RESEARCH, INC., DAVID HUI WANG, LISA FENG, and MARK A. MCKECHNIE,<br><br>Defendants. | Case No.: 3:20-CV-09241-VC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:      July 8, 2021<br>Time:      2:00 p.m.<br>Location:  Courtroom 4 - 17th Floor<br>Judge:     Hon. Vince Chhabria |

REPLY ISO DEFS.' REQ. FOR CONSIDERATION OF DOCS. ISO MTD
CASE NO. 3:20-CV-09241-VC

**INTRODUCTION**

Plaintiff attempts to prevent the Court from considering certain exhibits that highlight infirmities in the Amended Complaint.  The Amended Complaint parrots the opinions of a self-interested short seller and fails to provide the factual basis required by the Private Securities Litigation Reform Act.  The Court should not accept obvious misstatements.  As this Court has previously explained, "allegations that contradict matters properly subject to judicial notice need not be accepted as true." *Box v. Miovas*, 2015 U.S. Dist. LEXIS 55575, at *2 (N.D. Cal. Apr. 28, 2015) (Chhabria, J.); *see also Sprewell v. Golden State Warriors*, 2001 U.S. App. LEXIS 20434, at *12 (9th Cir. Dec. 28, 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice").

To prevent the Court from considering information properly before it, Plaintiff erroneously contends that Defendants are introducing "factual disputes."  RJN Opp. at 3.  There are no such "factual disputes" because the Amended Complaint is premised on conclusory allegations, not facts.

Plaintiff also confuses the separate doctrines of incorporation by reference and judicial notice. He admits that the Court can consider the documents incorporated by reference into the Amended Complaint.  RJN Opp. at 2.  However, he then mistakenly contends that the Court cannot consider the documents subject to *judicial notice* because the Amended Complaint "does not rely upon" them.  *Id.* The incorporation-by-reference standard is irrelevant to documents subject to judicial notice.

The documents Defendants asked the Court to take judicial notice of are SEC filings, historical stock prices, and analyst reports—*all* of which courts, including this one, regularly take judicial notice.  Plaintiff offers no authority or rationale to the contrary.  The Court should reject his attempt to rewrite the law of judicial notice.

**ARGUMENT**

**I.   PLAINTIFF'S ARGUMENTS ARE LEGALLY INCORRECT**

Plaintiff admits that the Court can consider Exhibits C, G, I, J, and K, but challenges Exhibits A, B, D, E, F, and H.  RJN Opp at 4-5.  He advances two arguments for why the Court should not consider those exhibits: (1) they supposedly create "factual disputes"; and (2) they are not relied upon in the Amended Complaint.  *Id.*  Both are incorrect.

REPLY ISO DEFS.' REQ. FOR CONSIDERATION OF DOCS. ISO MTD
CASE NO. 3:20-CV-09241-VC                    1

***No Factual Disputes.***  Plaintiff's first argument relies on a distortion of the Ninth Circuit's decision in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018).  Plaintiff claims that *Khoja* prevents the Court from considering Defendants' exhibits because they supposedly "dispute facts stated in a well pleaded complaint."  RJN Opp. at 4, 6.  Plaintiff completely misapplies *Khoja*.  It did not alter the law of judicial notice, and only clarified that "a court cannot take judicial notice of disputed *facts*."  899 F.3d at 999 (emphasis added).  *Khoja* did not change the Ninth Circuit's longstanding rule that conclusory allegations, like those in the Amended Complaint, are given zero credence.  *See Sprewell*, 2001 U.S. App. LEXIS 20434, at *12 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064-65 (9th Cir. 2008) (Court "is not required to indulge unwarranted inferences in order to save a complaint from dismissal.").  Plaintiff cannot fail to plead facts and then complain that Defendants introduced a "factual dispute."

Judge Davila recently rejected Plaintiff's exact argument.  *In re Eventbrite, Inc. Sec. Litig.*, 2020 U.S. Dist. LEXIS 74651, at *24 (N.D. Cal. Apr. 28, 2020) (considering SEC filings, analyst reports, and call transcripts).  He explained that "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations."  *Id.* (emphasis in original).  Here, for example, Plaintiff repeatedly claims that Defendants omitted information, while ignoring that ACMR had previously disclosed *the same information* in its SEC filings.  MTD at 11-13.  Plaintiff cannot ask the Court to blind itself.

***Judicial Notice Is Proper.***  Plaintiff also incorrectly argues that the Court should not take judicial notice of exhibits because the Amended Complaint "does not rely upon" them.  RJN Opp. at 2.  His assertion confuses the separate doctrines of incorporation by reference and judicial notice.  As *Khoja* explained, both "permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways."  899 F.3d at 998.  Whether the Amended Complaint relies on a document is relevant to incorporation by reference, *not* judicial notice.  *Id.* at 999, 1002.  Judicial notice is appropriate if a fact is "not subject to reasonable dispute" because it "can be

accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Plaintiff does not dispute that each of the documents he challenges—SEC filings, historical stock prices, and analyst reports—"can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[T]he court is not required to accept as true allegations that contradict . . . matters properly subject to judicial notice[.]" *Sayce v. Forescout Techs., Inc.*, 2021 U.S. Dist. LEXIS 57256, at *5 (N.D. Cal. Mar. 25, 2021) (Illston, J.) (dismissing securities complaint); *see also supra* at 1.

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF DEFENDANTS' EXHIBITS

Plaintiff purports to challenge Exhibits A, B, D, E, F, and H but only addresses Exhibits B, D, and E in his brief.[1] Exhibit B is ACMR's historical stock price, and Exhibits D and E are analyst reports about ACMR. Courts regularly take judicial notice of both types of documents.

***Stock Prices.*** Plaintiff does not dispute that courts, including the Ninth Circuit, regularly take judicial notice of stock prices because they are facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned[.]" *In re Finisar Corp.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008) (Whyte, J.) (taking judicial notice of stock prices); *Corinthian Colls.*, 540 F.3d at 1064 n.7 (judicial notice of stock price "was proper"). *Khoja* did not alter this basic principle. *E.g.*, *Lake v. Zogenix, Inc.*, 2020 U.S. Dist. LEXIS 120965, at *12 (N.D. Cal. Jan. 24, 2020) (Seeborg, J.) (taking judicial notice of stock prices because "[t]his information falls squarely within Rule 201"); *In re Facebook, Inc. Secs. Litig.*, 405 F. Supp. 3d 809, 828 (N.D. Cal. 2019) (Davila, J.) ("Information about the stock price of publicly traded companies is the proper subject of judicial notice.").

---

[1] To the extent Plaintiff challenges Exhibits A, F, and H, these documents were publicly filed with the U.S. Securities and Exchange Commission. The Ninth Circuit has held that judicial notice of SEC filings is "proper." *Corinthian Colls.*, 540 F.3d at 1064 n.7. Courts continue to take judicial notice of SEC filings post-*Khoja*, and Plaintiff offers no authority or rationale to the contrary. *E.g.*, *In re Pivotal Sec. Litig.*, 2020 U.S. Dist. LEXIS 128696, at *13-14 (N.D. Cal. July 21, 2020) (Breyer, J.) (SEC filings are "publicly-filed documents whose accuracy cannot reasonably be questioned and are therefore subject to judicial notice").

REPLY ISO DEFS.' REQ. FOR CONSIDERATION OF DOCS. ISO MTD
CASE NO. 3:20-CV-09241-VC                           3

Plaintiff does not dispute that the information in Exhibit B is accurate and publicly available. And he is incorrect that Exhibit B counters any "well-plead factual allegations." RJN Opp. at 5-6. The Amended Complaint conjectures that ACMR's small stock dips were due to "revelations of fraud" rather than regular market volatility. MTD at 13-14. These suppositions are not facts, but mere conclusions. *See Cunningham v. Identiv, Inc.*, 716 F. App'x 663, 664 (9th Cir. 2018) (Plaintiff must plead "specific facts indicating that the decline in the defendant's stock price was proximately caused by a revelation of fraudulent activity[.]").

*Analyst Reports.* The Court should take judicial notice of Exhibits D and E because courts "routinely take judicial notice of analyst reports . . . to determine what may or may not have been disclosed to the public." *In re Century Alum. Co. Secs. Litig.*, 2011 U.S. Dist. LEXIS 21406, at *29 (N.D. Cal. Mar. 3, 2011) (Illston, J.); *see also City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 U.S. Dist. LEXIS 172841, at *15-17 (N.D. Cal. Dec. 9, 2013) (Orrick, J.) (taking judicial notice of analyst reports). This practice remains unchanged after *Khoja*. As Judge White recently explained, "[a]nalyst reports are subject to judicial notice . . . to determine the information available to the market." *Yaron v. Intersect Ent*, 2020 U.S. Dist. LEXIS 219448, at *9 (N.D. Cal. June 19, 2020). Plaintiff does not offer any relevant authority to the contrary.[2]

Defendants ask the Court to take judicial notice of Exhibits D and E simply for what they say on their face: Mainstream analysts wrote reports disagreeing with the short-seller's accusations. There is no "factual dispute."

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider their exhibits in connection with their motion to dismiss.[3]

---

[2] Plaintiff again confuses incorporation by reference and judicial notice. RJN Opp. at 6. None of Plaintiff's cases concerns judicial notice of analyst reports. *Id.*

[3] Plaintiff's request for discovery (RJN Opp. at 3) violates the discovery stay in the Private Securities Litigation Reform Act. 15 U.S.C. § 78u–4(b)(3)(B).

REPLY ISO DEFS.' REQ. FOR CONSIDERATION OF DOCS. ISO MTD
CASE NO. 3:20-CV-09241-VC                    4

Dated: June 24, 2021                    FRESHFIELDS BRUCKHAUS DERINGER US LLP

                                        By: /s/ Boris Feldman
                                             Boris Feldman

                                        *Attorneys for Defendants*