BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
DREW LIMING, State Bar No. 305156
drew.liming@freshfields.com
M. ABIGAIL WEST, State Bar No. 324456
abigail.west@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
2710 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 618-9250

*Attorneys for Defendants ACM Research, Inc.,*
*David Hui Wang, Lisa Feng, and Mark A. McKechnie*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY KAIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACM RESEARCH, INC., DAVID HUI WANG, LISA FENG, and MARK A. MCKECHNIE,<br><br>Defendants. | Case No.: 3:20-CV-09241-VC<br><br>**DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:    December 2, 2021<br>Time:    10:00 a.m.<br>Location:  Courtroom 4 - 17th Floor<br>Judge:   Hon. Vince Chhabria |

Defendants ACM Research, Inc. ("ACMR"), David Hui Wang, Lisa Feng, and Mark A. McKechnie (together, "Defendants"), hereby request that the Court consider certain documents submitted in support of their Motion to Dismiss ("Motion") Plaintiff's Second Amended Complaint (the "Second Amended Complaint" or "¶").  The documents submitted are either incorporated by reference into the Second Amended Complaint and/or are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201.  True and correct copies of the documents described herein are attached to the accompanying Declaration of Drew Liming ("Liming Decl.").

**ARGUMENT**

**I.     THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE**

Under the incorporation by reference doctrine, where "the plaintiff refers extensively to [a] document or the document forms the basis of the plaintiff's claim," the Court may examine the same. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  In so doing, it treats the incorporated documents "as though they are part of the complaint itself." *Id.*  The doctrine serves to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." *Id.*  On a motion to dismiss, this Court and others in this district regularly consider documents cited in complaints. *E.g.*, *McCreary v. Wells Fargo Bank, N.A.*, 2019 U.S. Dist. LEXIS 19652, at *3 (N.D. Cal. Feb. 6, 2019) (Chhabria, J.) (considering documents incorporated by reference).[1]

Defendants request that the Court consider the following documents because they are relied upon, quoted, or referenced in the Complaint:

- Ex. B:  J Capital Research USA LLC's Report titled "ACM Research – Dirty business," dated October 8, 2020; cited at ¶¶ 10-12, 35, 121, 124-30, 132-34, 137, 139-42, 145.

- Ex. G:  J Capital Research USA LLC's Report titled "ACM Research – Curiouser and Curiouser," dated November 17, 2020; cited at ¶¶ 14-15, 153-59, 162, 164.

---

[1] *See also Mulquin v. Nektar Therapeutics*, 2020 U.S. Dist. LEXIS 244841, at *17-18 (N.D. Cal. Dec. 30, 2020) (Gilliam, J.) (holding that documents cited in complaint, including a short-seller report, were incorporated by reference); *Gonzalez v. San Mateo Cty.*, 2019 U.S. Dist. LEXIS 193463, at *2 (N.D. Cal. Oct. 30, 2019) (Chhabria, J.) (considering documents "because the complaint incorporates them by reference").

- Ex. H:  ACMR's Form 10-K for the fiscal year ended December 31, 2019, which was publicly filed with the SEC on March 24, 2020; cited at ¶¶ 86-91.[2]

- Ex. L:  ACMR's Q2 2020 Earnings Call Transcript dated August 6, 2020; cited at ¶¶ 105-06.[3]

## II.    THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION

Pursuant to Federal Rule of Evidence 201, the Court may also consider documents that are properly the subject of judicial notice.  Defendants request that the Court take judicial notice of documents publicly filed with the SEC.  Courts in this Circuit regularly take judicial notice of SEC filings, as they "are matters of public record, not subject to reasonable dispute, and available from sources whose accuracy cannot reasonably be questioned—the SEC's public website." *Hurst v. Enphase Energy, Inc.*, 2021 U.S. Dist. LEXIS 155188, at *8 (N.D. Cal. Aug. 17, 2021) (Freeman, J.); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings and stock price history "was proper").[4]  Accordingly, Defendants request that the Court take judicial notice of the following documents:

- Ex. A:  ACMR's Form 10-K for the fiscal year ended December 31, 2020, which was publicly filed with the SEC on March 1, 2021.

- Ex. F:  ACMR's Form 8-K, and exhibit 99.01 thereto, which was publicly filed with the SEC on November 5, 2020.

- Ex. I:  ACMR's Form 8-K, and exhibit 99.01 thereto, which was publicly filed with the SEC on June 1, 2020.

- Ex. J:  ACMR's Form 8-K, and exhibit 99.01 thereto, which was publicly filed with the SEC on August 8, 2019.

---

[2] The Court may also take judicial notice of Exhibit H.  *Infra* Section II.

[3] The Court may also take judicial notice of Exhibit L.  *See, e.g.*, *Wong v. Arlo Techs., Inc.*, 2019 U.S. Dist. LEXIS 226546, at *13-14 (N.D. Cal. Dec. 19, 2019) (Freeman, J.) (taking judicial notice of earnings call transcript); *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019) (Orrick, J.) (taking judicial notice of conference call transcripts).

[4] *See also In re Pivotal Sec. Litig.*, 2020 U.S. Dist. LEXIS 128696, at *13-14 (N.D. Cal. July 21, 2020) (Breyer, J.) (taking judicial notice of SEC filings); *Norfolk Cty. Ret. Sys. v. Solazyme, Inc.*, 2018 U.S. Dist. LEXIS 106868, at *3 n.2 (N.D. Cal. June 26, 2018) (Gilliam, J.) (granting request for judicial notice of SEC filings); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 U.S. Dist. LEXIS 172841, at *15-17 (N.D. Cal. Dec. 9, 2013) (Orrick, J.) (taking judicial notice of SEC filings, historical daily stock prices, and analyst reports).

- Ex. K:  ACMR's Form 10-Q for the quarterly period ended June 30, 2021, which was publicly filed with the SEC on August 6, 2021.

- Ex. M:  ACMR's Form 8-K, and exhibit 99.01 thereto, which was publicly filed with the SEC on August 10, 2021.

The Court may also take judicial notice of ACMR's historical stock price and the value of the NASDAQ index because such information are facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *In re Finisar Corp.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008) (Whyte, J.) (taking judicial notice of stock prices); *see also Align Tech.,* 2013 U.S. Dist. LEXIS 172841, at *15-17 (same).[5]  Accordingly, Defendants request that the Court take judicial notice of the following document:

- Ex. E:  ACMR's stock price history and the value of the NASDAQ index for the period of January 2, 2020 through March 31, 2021, as reported by NASDAQ.

The Court may also take judicial notice of analyst reports, as courts in this Circuit "routinely take judicial notice of [such] reports." *In re Century Alum. Co. Secs. Litig.*, 2011 U.S. Dist. LEXIS 21406, at *29 (N.D. Cal. Mar. 3, 2011) (Illston, J.).  Defendants request that the Court take judicial notice of certain analyst reports to show "what was or was not discussed in the public realm." *Id.*; *see also Yaron v. Intersect Ent*, 2020 U.S. Dist. LEXIS 219448, at *9 (N.D. Cal. June 19, 2020) (White, J.) ("Analyst reports are subject to judicial notice . . . to determine the information available to the market.").  Defendants request that the Court take judicial notice of the following documents:

- Ex. C:  Nomura International (Hong Kong) Ltd. Global Markets Analyst Research Report titled "ACM Research – Perceived inaccuracies in JCAP's report," dated October 15, 2020.

- Ex. D:  Stifel, Nicolaus & Company, Incorporated Analyst Report titled "ACM Research, Inc. – One is Entitled to an 'Opinion' but the Truth is Based on Facts; Do Not be Misled by Disinformation," dated October 8, 2020.

---

[5] *See also Lake v. Zogenix, Inc.*, 2020 U.S. Dist. LEXIS 120965, at *12 (N.D. Cal. Jan. 24, 2020) (Seeborg, J.) (taking judicial notice of historic stock prices because "[t]his information falls squarely within Rule 201"); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 828 (N.D. Cal. 2019) (Davila, J.) (quoting *In re Copper Mt. Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (Walker, J.) ("Information about the stock price of publicly traded companies is the proper subject of judicial notice.").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider the above-referenced documents in connection with the Motion.


Dated: October 21, 2021                    FRESHFIELDS BRUCKHAUS DERINGER US LLP

                                           By: */s/ Boris Feldman*
                                               Boris Feldman

                                           *Attorneys for Defendants*