BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
DREW LIMING, State Bar No. 305156
drew.liming@freshfields.com
M. ABIGAIL WEST, State Bar No. 324456
abigail.west@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
2710 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 618-9250

*Attorneys for Defendants ACM Research, Inc.,
David Hui Wang, Lisa Feng, and Mark A. McKechnie*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY KAIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACM RESEARCH, INC., DAVID HUI WANG, LISA FENG, and MARK A. MCKECHNIE,<br><br>Defendants. | Case No.: 3:20-CV-09241-VC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:    December 2, 2021<br>Time:    10:00 a.m.<br>Location:  Courtroom 4 - 17th Floor<br>Judge:   Hon. Vince Chhabria |

REPLY ISO DEFS' MOTION TO DISMISS SAC
CASE NO. 3:20-CV-09241-VC

## TABLE OF CONTENTS

INTRODUCTION……………………………………………………………………………… 1

ARGUMENT…………………………………………………………………………………… 1

    I.    BY REFILING HIS PRIOR OPPOSITION, PLAINTIFF REPEATS ITS ERRORS……….. 1

    II.  PLAINTIFF PLEADS NO PARTICULARIZED FACTS SHOWING A FALSE OR MISLEADING STATEMENT………………………………………………………….. 2

    III.    PLAINTIFF REPEATS HIS DEFECTIVE SCIENTER ARGUMENTS………………………5

    IV.    PLAINTIFF STILL FAILS TO PLEAD LOSS CAUSATION WITH PARTICULARITY…. 6

CONCLUSION…………………………………………………………………………………...7

# TABLE OF AUTHORITIES

**CASES**

*In re China XD Plastics Co. Ltd. Sec. Litig.*,
    2016 U.S. Dist. LEXIS 37951 (S.D.N.Y. Mar. 23, 2016)...................................................................... 4

*Cunningham v. Identiv, Inc.*,
    716 F. App'x 663 (9th Cir. 2018)............................................................................................................ 6

*In re Cutera Sec. Litig.*,
    610 F.3d 1103 (9th Cir. 2010)................................................................................................................. 2

*Eng v. Edison Int'l*,
    2017 U.S. Dist. LEXIS 69196 (S.D. Cal. May 5, 2017)...................................................................... 7

*Fecht v. Price Co.*,
    70 F.3d 1078 (9th Cir. 1995)................................................................................................................... 2

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008)................................................................................................................. 6

*In re Hebron Technology Co., Ltd.*,
    2021 U.S. Dist. LEXIS 181162 (S.D.N.Y. Sep. 22, 2021)................................................................. 5

*Hurst v. Enphase Energy, Inc.*,
    2021 U.S. Dist. LEXIS 155188 (N.D. Cal. Aug. 17, 2021)............................................................ 3, 4

*Ice Cream Distribs. of Evansville v. Dreyer's Grand Ice Cream*,
    2010 U.S. Dist. LEXIS 99930 (N.D. Cal. Sep. 10, 2010).................................................................. 1

*Ice Cream Distribs. of Evansville v. Dreyer's Grand Ice Cream*,
    487 Fed. App'x 362 (9th Cir. 2012)....................................................................................................... 1

*Ikeda v. Baidu, Inc.*,
    2021 U.S. Dist. LEXIS 67829 (N.D. Cal. Apr. 7, 2021)................................................................... 4

*Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*,
    998 F.3d 397 (9th Cir. 2021).................................................................................................................. 1

*Kelly v. Elec. Arts, Inc.*,
    2015 U.S. Dist. LEXIS 57130 (N.D. Cal. Apr. 30, 2015)................................................................. 2

*Keyes v. Nationstar Mortg., LLC*,
    2021 U.S. Dist. LEXIS 121635 (D.N.J. June 28, 2021)..................................................................... 7

*Kim v. Advanced Micro Devices, Inc.*,
    2019 U.S. Dist. LEXIS 87287 (N.D. Cal. May 23, 2019)................................................................. 2

*Korzen v. Tetra Tech Inc.*,
    2014 U.S. Dist. LEXIS 191634 (C.D. Cal. Jan. 17, 2014)................................................................ 6

*Kuhne v. Gossamer Bio, Inc.*,
    2021 U.S. Dist. LEXIS 74546 (S.D. Cal. Apr. 18, 2021).................................................................. 4

*Lopes v. Fitbit, Inc.*,
    2020 U.S. Dist. LEXIS 52187 (N.D. Cal. Mar. 23, 2020)................................................................ 6

*Lopes v. Fitbit, Inc.*,
    848 Fed. App'x 278 (9th Cir. 2021)................................................................................................. 6

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
    540 F.3d 1049 (9th Cir. 2008)......................................................................................................... 6

*Miller v. Thane International, Inc.*,
    519 F.3d 879 (9th Cir. 2008)........................................................................................................... 4

*In re NVIDIA Corp. Sec. Litig.*,
    768 F.3d 1046, 1063 (9th Cir. 2014)............................................................................................... 5

*Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*,
    774 F.3d 598 (9th Cir. 2014)........................................................................................................... 1

*Prodanova v. H.C. Wainwright & Co., LLC*,
    993 F.3d 1097 (9th Cir. 2021)......................................................................................................... 6

*In re Rigel Pharms., Inc. Secs. Litig.*,
    697 F.3d 869 (9th Cir. 2012)........................................................................................................... 6

*Sayce v. Forescout Techs., Inc.*,
    2021 U.S. Dist. LEXIS 57256 (N.D. Cal. Mar. 25, 2021) ..............................................................7

*In re Stac Elecs. Sec. Litig.*,
    89 F.3d 1399 (9th Cir. 1996)........................................................................................................... 2

*Tadros v. Celladon Corp.*,
    738 F. App'x 448 (9th Cir. 2018)................................................................................................... 5

*Venkataraman v. Kandi Techs. Grp., Inc.*,
    2021 U.S. Dist. LEXIS 205517 (S.D.N.Y. Oct. 25, 2021)............................................................. 3

**INTRODUCTION**

If reading the Opposition brought back memories to the Court, that is because Plaintiff recycled his brief from the prior round of motion to dismiss.  Large segments are simply copied and pasted, with incorrect citations to the last version of the complaint and Defendants' prior motion to dismiss.  *E.g.*, Opp. at 9 (citing ECF 50 at 13 n.4; ECF 51-11); Opp. at 10-11 (citing ECF 49 at ¶¶ 51, 55).  A redline is attached for convenience.  Ex. N.

The Court granted Plaintiff leave to amend and file a third Complaint because Plaintiff's Counsel asked for an opportunity to address the deficiencies of his now-dismissed second Complaint.  ECF 62 at 27:20-28:12.  But the third Complaint did none of that, instead copying and pasting a few more block quotes from the J Capital short-seller attacks that started this lawsuit.  MTD at 2.  Defendants' motion to dismiss addressed those additional allegations.  And then, Plaintiff gave up.  He simply refiled largely the same Opposition as before, abandoning his latest theories.

Since this latest round of briefing presents no new allegations and arguments, Defendants will keep this submission brief.  Unsubstantiated, duplicative lawsuits like Plaintiff's impose "enormous social and economic costs."  *Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 404 (9th Cir. 2021).  Dismissal, we respectfully submit, should be with prejudice.  *See Ice Cream Distribs. of Evansville v. Dreyer's Grand Ice Cream*, 2010 U.S. Dist. LEXIS 99930, at *7 (N.D. Cal. Sep. 10, 2010) (Wilken, J.), *aff'd*, 487 Fed. App'x 362 (9th Cir. 2012) (dismissing with prejudice where plaintiff "repeats verbatim many of the arguments contained in its previous opposition brief").

**ARGUMENT**

**I.    BY REFILING HIS PRIOR OPPOSITION, PLAINTIFF REPEATS ITS ERRORS**

When Plaintiff refiled his prior Opposition, he forfeited the opportunity the Court had given him to address its numerous deficiencies.

Plaintiff's Opposition is still premised on incorrect legal standards:

- His argument that he "plausibly states a claim" (Opp. at 7) again ignores the higher standard for securities fraud lawsuits, which "must meet the higher, exacting pleading standards of Federal Rule of Civil Procedure 9(b) and the [PSLRA]."  *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 604 (9th Cir. 2014).

- Plaintiff is also wrong that the Court must accept his allegations "as true[.]" Opp. at 7. His "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss[.]" *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).[1]

Next, the Opposition repeats the same factual mistakes Plaintiff made last time:

- Plaintiff still claims that J Capital revealed allegedly omitted "facts" (Opp. at 2-3), despite J Capital's repeated citations to ACMR's own SEC filings as its source.

- Plaintiff claims that information ACMR had disclosed in an SEC filing (Ex. I at 203)—which J Capital itself cited as its source (Ex. B at 10)—was somehow "not issued to American investors." Opp. at 10. Defendants previously called this obvious factual error to Plaintiff's attention (ECF 56 at 3), but he refiled his brief without bothering to correct it.

- Plaintiff also repeats his claim that ACMR "failed to contest" J Capital's accusations (Opp. at 7) despite his own admission that, on December 15, 2020, ACMR published a 116-page refutation of J Capital's reports. ¶ 167.

The Complaint and public records subject to judicial notice contradict Plaintiff's arguments. His arguments are thus "entitled to no presumption of truth." *Kelly v. Elec. Arts, Inc.*, 2015 U.S. Dist. LEXIS 57130, at *24 (N.D. Cal. Apr. 30, 2015) (Illston, J.).

## II.    PLAINTIFF PLEADS NO PARTICULARIZED FACTS SHOWING A FALSE OR MISLEADING STATEMENT

Plaintiff's decision to copy and paste his prior opposition brief fails to enhance his falsity arguments. Opp. at 8-9. The Opposition is largely silent as to the arguments in Defendants' motion to dismiss.

---

[1] Plaintiff is also mistaken that the Court should not grant Defendants' motion to dismiss because it raises "mixed question[s]" of law and fact. Opp. at 8 (citing *Fecht v. Price Co.*, 70 F.3d 1078, 1081 (9th Cir. 1995)). As Judge Davila explained, *Fecht* does not reflect the current state of securities law because it "is a pre-PSLRA case." *Kim v. Advanced Micro Devices, Inc.*, 2019 U.S. Dist. LEXIS 87287, at *32 (N.D. Cal. May 23, 2019) (distinguishing *Fecht*).

REPLY ISO DEFS' MOTION TO DISMISS SAC          2
CASE NO. 3:20-CV-09241-VC

***Plaintiff Still Has No Sources Other than J Capital***.  As the Court explained, Plaintiff "create[d] real problems" for himself by "overly rely[ing] on a report whose goal is not necessarily to state a claim for securities fraud."  ECF 62 at 14:7-10.  Plaintiff claimed that he had other sources—a supposed "mountain of Chinese language documents" (Opp. at 8)—prompting the Court to wonder at the prior hearing, "why don't we have a description of the documents in the complaint that they looked at?"  ECF 62 at 25:1-3.  His third Complaint and his latest Opposition again rely exclusively on J Capital's attacks.

In an attempt to obscure his complete reliance on J Capital's accusations, Plaintiff attacks the same strawman as last time.  His argument that short-seller reports are not "categorically barred" from providing the basis for securities fraud misses the point.  Opp. at 9.  The issue here is not hypothetical short-seller reports, but the fact that J Capital's reports—the sole basis for Plaintiff's complaint—are insufficient to plead securities fraud.  MTD at 5-7.  As the Court previously noted, J Capital based its reports largely on information that had been publicly disclosed (ECF 62 at 14:16-20, 15:7-12), and it did not claim that Defendants had misled investors.  *Id.* at 4:25-5:15, 15:17-20.  J Capital also explicitly disclaimed its own accusations, admitting that it "makes no representation, express or implied, as to the *accuracy*, timeliness, or completeness of any such information[.]"  Ex. B at 1; Ex. G. at 1 (emphasis added).  Plaintiff's allegations, which are "derived directly from a report from a short seller" and "do little more than cherry pick financial data[,]" fail to plead securities fraud.  *Hurst v. Enphase Energy, Inc.*, 2021 U.S. Dist. LEXIS 155188, at *13 (N.D. Cal. Aug. 17, 2021) (Freeman, J.) (dismissing complaint); *see also Venkataraman v. Kandi Techs. Grp., Inc.*, 2021 U.S. Dist. LEXIS 205517, at *14 (S.D.N.Y. Oct. 25, 2021) (dismissing complaint; "allegations in the Complaint fail to connect the [short-seller] report's analysis . . . to any of the alleged misstatements").

***Plaintiff Abandoned Most of His Theories.***  Because Plaintiff refiled his prior opposition brief, he did not respond to the arguments in Defendants' motion to dismiss.  For example, his Opposition is silent on Defendants' challenges to his theories about revenues and profits and customer advances.  MTD at 9-11.  Plaintiff does not dispute that ACMR never restated its financials.  *Id.* at 9.  Because "Plaintiff never responded to that argument or discussed [those] [s]tatements . . . in his opposition brief[,]" he has "waived the argument that [those] [s]tatements . . . are misleading."

REPLY ISO DEFS' MOTION TO DISMISS SAC          3
CASE NO. 3:20-CV-09241-VC

*Ikeda v. Baidu, Inc.*, 2021 U.S. Dist. LEXIS 67829, at *21 (N.D. Cal. Apr. 7, 2021) (Koh, J.) (dismissing complaint). Plaintiff has thus abandoned the majority of his third Complaint.[2] The few arguments he repeats from his prior opposition brief fare no better than they did last time.

*First*, Plaintiff has not strengthened his claim that ACMR failed to foreclose the possibility that US investors could access funds raised by its Chinese subsidiary. Plaintiff still does not identify "something that the defendants said or did that would suggest that American investors would be able to access profits from the Shanghai subsidiary." ECF 62 at 5:11-15. On the contrary, Plaintiff admits that ACMR explicitly told investors not to expect dividends from its Chinese subsidiary. Opp. at 9 ("[u]nder existing [Chinese] laws and regulations, it may be difficult, if not impossible, for [ACMR] to be able to receive dividends comprised of funds generated by ACM Shanghai"); *see also* Ex. H. at 7 (ACMR disclosed it had "never declared or paid cash dividends" and did "not expect to declare or pay any dividends in the foreseeable future."). Plaintiff's citation to *Miller v. Thane International, Inc.*, undercuts his own argument. Opp. at 10 (citing 519 F.3d 879, 886 (9th Cir. 2008)). In *Thane*, the Ninth Circuit held that literally true statements can be actionable if they strongly imply an inaccurate state of affairs. 519 F.3d at 886 (statements that company had been approved to be listed on NASDAQ and shareholders would have greater liquidity strongly implied upcoming NASDAQ listing). ACMR disclosed the correct state of affairs, so "[i]n context, a reasonable investor would not be misled[.]" *Kuhne v. Gossamer Bio, Inc.*, 2021 U.S. Dist. LEXIS 74546, at *13 (S.D. Cal. Apr. 18, 2021) (dismissing complaint).

*Second*, Plaintiff does not dispute that ACMR publicly disclosed its use of sales agents. MTD at 11-12. His sole argument—that "the Complaint is silent as to Item 404"—proves Defendants' point. Opp. at 1 n.2. Plaintiff does not identify any accounting standard to back up his conclusory allegation that there were undisclosed related parties. MTD at 11-12. He thus "fails to point to any accounting standard that [defendants] misapplied." *Enphase Energy*, 2021 U.S. Dist. LEXIS 155188,

---

[2] Plaintiff has also abandoned his theory about ACMR's cash balances. He does not dispute that his comparison of ACMR's cash balances to its Chinese subsidiary cannot establish falsity because it is an apples-to-oranges comparison of two completely different corporate entities. MTD at 8; *see also In re China XD Plastics Co. Ltd. Sec. Litig.*, 2016 U.S. Dist. LEXIS 37951, at *19 (S.D.N.Y. Mar. 23, 2016) (dismissing complaint; "[i]t is not reasonable to infer that [the parent's] SEC filings must be false based upon a comparison to less than a complete set of its subsidiaries' [Chinese] filings").

at *13.  How can Plaintiff claim that there were related-party transactions when he does not even allege that there were any related parties?  In *In re Hebron Technology Co., Ltd.*, the court dismissed a complaint premised on purported related-party transactions because the allegations were "insufficient to establish a related party transaction, within the meaning of ASC 850 and Item 7." 2021 U.S. Dist. LEXIS 181162, at *43, 55 (S.D.N.Y. Sep. 22, 2021) (purported connections "do not show a related party transaction under ASC 850 and Item 7 because, as discussed, they fail to show a relationship of control, significant influence, or common control").  Plaintiff also fails to allege any other basic information, such as amounts or dates, to support his conclusory allegation that there were undisclosed related-party transactions.  The Court's questions to him from the last motion to dismiss hearing remain unanswered.  ECF 62 at 13:1-2 ("And what did that do to the company's numbers? How did that affect the company's revenue numbers?").

*Finally*, the Opposition's discussion of ACMR's credit lines appears to be the result of a faulty cut-and-paste job, because Plaintiff did not carry that theory over from his second Complaint to his third.  Opp. at 9.  Regardless, as Defendants previously explained, Plaintiff's argument that ACMR's credit lines were not disclosed "until 1 week prior to the end of the Class Period" remains factually incorrect.  ECF 56 at 8.  ACMR disclosed its credit lines *every quarter*.  *E.g.*, Ex. H at 64; *see also Tadros v. Celladon Corp.*, 738 F. App'x 448, 448 (9th Cir. 2018) (affirming dismissal where allegedly omitted facts had been publicly disclosed).

## III.    PLAINTIFF REPEATS HIS DEFECTIVE SCIENTER ARGUMENTS

Plaintiff's third Complaint copied his boilerplate scienter allegation verbatim from his second, dismissed complaint.  MTD at 4-5.  Plaintiff doubles down in his Opposition:  The scienter section is *nearly identical* to the one in his earlier opposition brief.  *See* Ex. N at 17-19.  His arguments were addressed in Defendants' prior reply brief.  *See* ECF No. 56, at 4-6.

*First*, the core operations doctrine is inapplicable because Plaintiff fails to allege any "specific information conveyed to [Defendants]" that would alert them of a purported fraud.  ECF 56 at 4-5 (citing *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1063 (9th Cir. 2014) (affirming dismissal)).  Plaintiff cannot infer management's knowledge based on their discussion of ACMR's financials on earnings calls, because financial statements and accounting are *not* a core operation.  *See* ECF 56 at 4

REPLY ISO DEFS' MOTION TO DISMISS SAC          5
CASE NO. 3:20-CV-09241-VC

(citing *Korzen v. Tetra Tech Inc.*, 2014 U.S. Dist. LEXIS 191634, at *14 (C.D. Cal. Jan. 17, 2014) ("Accounting treatment may not be operationally visible to a company's executives, and does not generally amount to the type of information found to be a core operation.")).

*Second*, Plaintiff's "motive" theory is insufficient as a matter of law. Opp. at 11-12. The Ninth Circuit has held that scienter cannot be pleaded through "motive" allegations. *See* ECF 56 at 5 (citing *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1108 (9th Cir. 2021) ("To meet the PSLRA's high burden for pleading scienter, a complaint cannot rely on mere motive")). ACMR's desire to continue its existence is a routine corporate objective, not a basis for scienter. *See* ECF 56 at 5 (citing *In re Rigel Pharms., Inc. Secs. Litig.*, 697 F.3d 869, 884 (9th Cir. 2012) ("allegations of routine corporate objectives . . . are not, without more, sufficient to allege scienter")).

In short, Plaintiff again fails to show how his single boilerplate scienter allegation creates a "strong inference" that any defendant "acted with an intent to deceive, manipulate, or defraud." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

## IV.    PLAINTIFF STILL FAILS TO PLEAD LOSS CAUSATION WITH PARTICULARITY

Plaintiff also copied and pasted the defective loss causation arguments from his prior brief. *See* Ex. N at 19-21. Plaintiff's loss causation arguments suffer from the same mistakes as before, including his application of the wrong pleading standard. Opp. at 12 (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)). As Defendants previously explained, "[s]ince *Gilead*, 'the Ninth Circuit has held that, as with other elements of a securities fraud claim, plaintiffs must plead loss causation with the particularity required by Federal Rule of Civil Procedure 9(b).'" ECF 56 at 8-9 (quoting *Lopes v. Fitbit, Inc.*, 2020 U.S. Dist. LEXIS 52187, at *13 (N.D. Cal. Mar. 23, 2020) (Tigar, J.), *aff'd* 848 Fed. App'x 278 (9th Cir. 2021)). Despite being on notice of his errors, Plaintiff made the same arguments without correcting or supplementing them. Defendants' prior refutation of Plaintiff's arguments applies with equal force here. ECF 56 at 8-10.

As a result of refiling the old brief, Plaintiff still does not attempt to argue that he pleaded any "*specific facts* indicating that the decline in the defendant's stock price was proximately caused by a revelation of fraudulent activity[.]" *Cunningham v. Identiv, Inc.*, 716 F. App'x 663, 664 (9th Cir. 2018) (emphasis added). Plaintiff does not dispute that the minor stock drops ACMR experienced on

REPLY ISO DEFS' MOTION TO DISMISS SAC          6
CASE NO. 3:20-CV-09241-VC

October 8, 2020 (-1.52%) and November 17, 2020 (-4.93%) were well within its normal volatility and thus not statistically significant.  MTD at 14.  Nor does he contest that he improperly tried to circumvent the requirement that he plead particularized facts showing causation by instead asking the Court to *assume* causation.  *Id.*

As before, Plaintiff asks the Court to excuse his failure by claiming there is a factual dispute. Opp. at 13.  And—also as before—there is no factual dispute because Plaintiff did not plead facts. His claims are merely "inferences or legal conclusions Plaintiff[] believe[s] are warranted[.]"  *Eng v. Edison Int'l*, 2017 U.S. Dist. LEXIS 69196, at *11 (S.D. Cal. May 5, 2017) (dismissing complaint for failure to plead loss causation).  None of Plaintiff's cases stands for the proposition that the Court must blind itself to public information that refutes legal conclusions.  Opp. at 13.  On the contrary, "the court is not required to accept as true allegations that contradict . . . matters properly subject to judicial notice[.]"  *See Sayce v. Forescout Techs., Inc.*, 2021 U.S. Dist. LEXIS 57256, at *5 (N.D. Cal. Mar. 25, 2021) (Illston, J.) (dismissing securities complaint).  Plaintiff's failure to plead loss causation provides an independent ground to dismiss this case.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be granted.[3]  Plaintiff recycles arguments this Court has already rejected, which suggests he has no new arguments to make. Dismissal should be with prejudice.  *See Keyes v. Nationstar Mortg., LLC*, 2021 U.S. Dist. LEXIS 121635, at *29 (D.N.J. June 28, 2021).

Dated: November 12, 2021                    Respectfully submitted,

                                            FRESHFIELDS BRUCKHAUS DERINGER US LLP

                                            By: /s/ *Boris Feldman*
                                                 Boris Feldman

                                            *Attorneys for Defendants*

---

[3] Because Plaintiff's 10(b) claim fails, so does his 20(a) claim.  MTD at 15 n.8.  In addition, Plaintiff does not contest that he failed to allege scheme liability under Rule 10b-5(a) or (c).  *Id.*

REPLY ISO DEFS' MOTION TO DISMISS SAC          7
CASE NO. 3:20-CV-09241-VC