# EXHIBIT O

Case 3:20-cv-09241-VC Document 5468 Filed 06/10/2111/04/21

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY KAIN, Individually and on Behalf of All Others Similarly Situated,<br><br>                                Plaintiff,<br><br>            v.<br><br>ACM RESEARCH, INC., DAVID HUI WANG, LISA FENG, and MARK A. MCKECHNIE,<br><br>                                Defendants. | Case No: 3:20-cv-09241-VC<br><br>**<u>CLASS ACTION</u>**<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS IN SUPPORT OF MOTION TO DISMISS<br><br>Date: July 8, 2021<br>Time: 12:00 p.m.<br>Location: Courtroom 4 - 17th Floor<br>Judge: Hon. Vince Chhabria |

Case 3:20-cv-09241-VC Document 5468 Filed 06/10/2111/04/21 Page 2 of 8

**INTRODUCTION**

Defendants ACM Research, Inc., David Hui Wang, Lisa Feng, and Mark A. McKechnie attach eleventhirteen exhibits comprising of extraneous material to their motion to dismiss (ECF No. 5064) requesting this Court consider these exhibits either because they claim that Plaintiff's Second Amended Complaint ("Complaint") (ECF No. 4963) incorporates them by reference, or simply because it can take judicial notice of the documents.[1] Plaintiff takes notno position as to Exhibits CB, G, I, JH, and K to theL Declaration of Drew Liming In Support Of Defendants' Notice of Motion and Motion to Dismiss ("Liming Declaration") (ECF No. 51) and Exhibits thereto (ECF Nos. 51-1 to 51-11), which are cited in the Complaint. However, Plaintiff's Complaint does not rely upon Exhibits A, B, D, E, F, and H toto the Liming Declaration. However, because Exhibits A, C, D, F, I, J, K, M are not cited in the the Liming DeclarationComplaint, and because Defendants ask that the Court draw improper inferences at the motion to dismiss stage from Exhibits BA, C, D, and E in particularF, I, J, K, M, the Court should decline to consider these documents in connection with the disposition of theDefendants' motion to dismiss.

The Ninth Circuit has rejected a "concerning pattern in securities cases like this one: exploiting [judicial notice] procedures to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Specifically:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. ***Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage.*** Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. ***This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access***.

*Id.* (internal citations omitted) (emphasis added). *Orexigen* concludes that "[i]f defendants are permitted to present their own version of the facts at the pleading stage — and district courts accept those facts as uncontroverted and true — it becomes near impossible for even the most aggrieved

---

[1] *See* Defendants' Request for Consideration of Documents In Support Of Motion to Dismiss ("RCD") (ECF No. 5266).

2

---

PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS
CASE NO. 3:20-cv-09241-VC

plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.*, 899 F.3d at 999.

Defendants do not claim that the Complaint misquotes them or their written public statements, or that further information is required to contextualize the well-pleaded allegations. Any attempt to have this Court consider what the Ninth Circuit specifically said it may not consider should be rejected.

Considered properly, Defendants' exhibits do not undermine the Complaint's well-pleaded allegations and the reasonable inferences that ***must*** be drawn therefrom. *See Tellabs, Inc. v. Makor Issues & Rights,Ltd.,* 551 U.S. 308, 322-24 (2007) ("competing inferences" on a Rule 12(b)(6) motion must be "draw[n]" from the facts alleged" and accept the truth of complaint allegations). If the Court considers extrinsic evidence for its truth to dispute well-pleaded factual allegations, Defendants' motion to dismiss must be converted to one for summary judgment, and Plaintiff should be permitted to take discovery prior to any substantive ruling by this Court on the merits.[2]

**A.      Relevant Standards**

"Generally, district courts may not consider material outside the pleadings when assessing  the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Orexigen*, 899 F.3d at 998 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). There are  two exceptions to this rule.

Courts may consider documents under the "incorporation by reference" doctrine, which "a defendant may seek to incorporate a document into the complaint 'if the plaintiff ***refers extensively*** to the document or the document forms the basis of the plaintiff's claim.' .... How 'extensively' must the complaint refer to the document? This court has held that '***the mere mention of the existence of a document is insufficient to incorporate the contents of a document ....***'" *Orexigen*, 899 F.3d at 1002 (internal citations omitted) (emphasis added). However, "[t]he incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor

[2] Fed. R. Civ. P. 12(d) states that if the court accepts a defendant's presentation in support if its 12(b)(6) motion of "matters outside the pleadings," it "must" treat the motion "as one for summary judgment under Rule 56."

of the plaintiff at the pleading stage," and "[a]lthough incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents, we reiterate that it is improper to do so only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *Id.*, 899 F.3d at 1014.

Courts may also take "judicial notice of 'matters of public record'" to the extent permitted by Rule 201 of the Federal Rules of Evidence. Courts may not, however, "take judicial notice of *disputed facts* contained in such public records." *Id.* (citing *Lee*, 250 F.3d at 689)) (emphasis added); *see also Maraldo v. Life Ins. Co. of the Sw.*, No. 11-CV-4972-YGR, 2012 WL 1094462, at *6 (N.D. Cal. Mar. 30, 2012) ("The Ninth Circuit has indicated that judicial notice should only be taken sparingly, with caution, and after demonstration of a '*high degree of indisputability*.'") (citation omitted) (emphasis added).[3]

**B.    The Court May Not Take Judicial Notice of the Truth of Any Information Contained in Documents Defendants Claim are Incorporated by Reference**

Plaintiff takes no position on Defendants' Request to incorporate by reference and/or judicially notice those documents referenced and relied upon as part of the Complaint's moving allegations. *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010). *See also* Liming Decl., Exhibits C, G, I, J, and K.

Plaintiff does not oppose judicial notice of the statements contained therein for the limited purpose of noting that the statements were actually made at the time and in the manner described in the Complaint. The Court may not, however, take judicial notice of the *truth* of any of those statements. The Ninth Circuit recently warned that the "inferences a court may draw from an incorporated document" should "be approached with caution." *Orexigen*, 899 F.3d at 1003:

> We have stated that, unlike judicial notice, a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." ....
> While this is generally true, ***it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well pleaded***

---

[3] The second exception "permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). A fact, such as the date a public event occurred, *e.g.*, "is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)).

*complaint*. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.") [*Id.*] (Internal citations omitted).

The purported truths Defendants ask this Court to infer from their attached documents may not be used to contradict the reasonable inferences drawn from the Complaint's allegations. Indeed, the Complaint specifically alleges that certain statements in the proffered documents are materially false and/or misleading. *See Smilovits v. First Solar, Inc.*, No. CV-12-00555-PHX-DGC, 2012 WL 6574410 (D. Ariz. Dec. 17, 2012) ("While Defendants dispute the veracity of many of the allegations, factual disputes about specific, plausible allegations are not sufficient to dismiss a claim. Factual allegations and their reasonable inferences are accepted as true at the motion to dismiss stage."). The PSLRA does not convert Federal Rule of Civil Procedure 12 into a trial-type, papers-only proceeding, and Defendants cannot ask the Court to determine credibility or compare competing inferences of falsity. That task is reserved for the jury. *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1260 (N.D. Cal. 2008).

If the truth of the matters asserted in documents incorporated by reference or judicially noticed could be considered, defendants in securities cases could self-immunize their misconduct, a result fundamentally at odds with the purpose underlying the federal securities laws, which is "to substitute a philosophy of full disclosure for the philosophy of caveat emptor." *Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1061 (9th Cir. 2000); *Orexigen*, 899 F.3d at 999.

### C. The Court May Not Take Notice of the Truth of Any Information Contained in ~~Exhibits A, B, D, E, F, and H~~ Exhibits A, C, D, F, I, J, K, M

As an initial matter, Exhibit ~~B~~E – which is not cited in or integral to the Complaint, and should be disregarded for that reason alone – is an unauthenticated chart generated by Defendants themselves, in which Defendants present purported stock price information allegedly drawn from *Nasdaq.com*. *See* ECF No. ~~51-2~~65-5. Defendants do not claim that any of the stock drops alleged in the Complaint did not, in fact, occur. Nor do Defendants request that this Court consider Exhibit ~~B~~E to clarify undisputed facts. Rather, Defendants seek to inject new "facts" for the sole purpose of disputing the Complaint's well-pled factual allegations. *See* D.Br. ~~2-3~~3, 14 (citing Exhibit ~~B~~E as evidence of share price fluctuations not

---

PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS
CASE NO. 3:20-cv-09241-VC

alleged in the Complaint in order to contest loss causation allegations). In addition to violating *Tellabs'* guidance that complaint allegations be accepted as true, Exhibit B'sE's contents are "subject to reasonable dispute," and it is therefore inappropriate for judicial notice.

Defendants also seek to introduce Exhibits C and D and E, analyst reports not cited in the Complaint, on the boilerplate grounds that they "show 'what was or was not discussed in the public realm.'" RCD at 3. Courts in this District have held that where judicial notice is requested for documents not cited or referenced in a complaint, the incorporation by reference doctrine does not apply. *See Pearce v. Bank of Am. Home Loans*, No. C 09-3988 JF, 2010 WL 689798, at *3 (N.D. Cal. Feb. 23, 2010) (holding that a document whose contents were not alleged in the complaint was "beyond the scope of the incorporation-by-reference doctrine"); *Witriol v. LexisNexis Grp.*, No. C05-02392 MJJ, 2006 WL 4725713, at *3 (N.D. Cal. Feb. 10, 2006) (refusing to consider press release not expressly referenced or implicitly relied upon in the complaint).

If the Court judicially notices Exhibits C and D and E, the truth of statements in those documents should not be taken as true where "such assumptions only serve to dispute facts stated in [the] well pleaded complaint." *Orexigen*, 899 F.3d at 1003. Yet this is precisely what Defendants seek to do in introducing Exhibits D and E. In their brief, Defendants cite to Exhibits C and D and E to support the proposition that "[m]ainstream market analysts strongly disagreed with J Capital's opinion of ACMR." D.Br. 3.

The only plausible explanation of Defendants' introduction of Exhibits C and D and E is to cast aspersions on the facts underlying Plaintiff's allegations. Defendants' request that this Court consider competing inferences drawn from Exhibits C and D and E violates the straightforward ruling in *Orexigen* that a Court may not do exactly what Defendants suggest the Court do here. *See Darensburg v. Metro. Transp. Comm'n*, No. C-05-01597 EDL, 2006 WL 167657, at *2 (N.D. Cal. Jan. 20, 2006) (declining "[d]efendant's invitation to take judicial notice of the complex inferences that [d]efendant would have [the court] draw from the facts contained in those documents" and noting further that, when "factual findings . . . are in dispute, those matters of dispute are not appropriate for judicial notice"). Exhibits D and E adds nothing to the Complaint's well-pleaded allegations, and the Court should reject Defendants' attempts to introduce their own "facts."

## CONCLUSION

Plaintiff respectfully submit that his objections to Defendants' RCD be sustained, and that this Court not draw any contrary inferences from judicially noticed documents. If the Court should accept the contents of these documents as true or otherwise draws inferences therefrom, Plaintiff respectfully requests conversion of the motion to dismiss to one for summary judgment, and allow Plaintiff to conduct discovery prior to any substantive ruling by the Court on the merits.

DATED: June 10November 4, 2021                Respectfully submitted,

                                                **POMERANTZ LLP**

                                                */s/ Louis C. Ludwig*
                                                Patrick V. Dahlstrom
                                                (*pro hac vice*)
                                                Louis C. Ludwig
                                                (*pro hac vice*)
                                                10 South La Salle Street, Suite 3505
                                                Chicago, Illinois 60603
                                                Telephone: (312) 377-1181
                                                Facsimile: (312) 377-1184
                                                pdahlstrom@pomlaw.com
                                                lcludwig@pomlaw.com

                                                **POMERANTZ LLP**
                                                Jennifer Pafiti (SBN 282790)
                                                1100 Glendon Avenue, 15th Floor
                                                Los Angeles, California 90024
                                                Telephone: (310) 405-7190
                                                jpafiti@pomlaw.com

                                                **POMERANTZ LLP**
                                                Jeremy A. Lieberman
                                                (*pro hac vice*)
                                                J. Alexander Hood II
                                                (*pro hac vice*)
                                                600 Third Avenue
                                                New York, New York 10016
                                                Telephone: (212) 661-1100
                                                Facsimile: (212) 661-8665
                                                jalieberman@pomlaw.com
                                                ahood@pomlaw.com

PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS
CASE NO. 3:20-cv-09241-VC

*Lead Counsel*
**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff*