BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
DREW LIMING, State Bar No. 305156
drew.liming@freshfields.com
M. ABIGAIL WEST, State Bar No. 324456
abigail.west@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
2710 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 618-9250

*Attorneys for Defendants ACM Research, Inc.,
David Hui Wang, Lisa Feng, and Mark A. McKechnie*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY KAIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACM RESEARCH, INC., DAVID HUI WANG, LISA FENG, and MARK A. MCKECHNIE,<br><br>Defendants. | Case No.: 3:20-CV-09241-VC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:        December 2, 2021<br>Time:        10:00 a.m.<br>Location:   Courtroom 4 - 17th Floor<br>Judge:      Hon. Vince Chhabria |

REPLY ISO DEFS.' REQ. FOR CONSIDERATION OF DOCS. ISO MTD
CASE NO. 3:20-CV-09241-VC

Like he did with his opposition to Defendants' motion to dismiss, Plaintiff simply refiled his prior brief opposing the Court's consideration of Defendants' exhibits.  *See* ECF 54.  A redline reveals that Plaintiff did not change *any* of the brief's substance.  Ex. O.  Because Plaintiff refiled an identical brief, it contains the same errors.  Defendants explained Plaintiff's mistakes in detail last time (ECF 57), so will now briefly summarize a few of the repeated, most critical flaws.

- Plaintiff's brief is internally contradictory.  He says both that he does not oppose the Court's consideration of Exhibits C, I, J, and K (RJN Opp. at 4), and elsewhere that the Court should not consider them.  RJN Opp. at 2.  Plaintiff also purports to challenge Exhibits A, F, and M but never discusses them in his brief.  It is unclear which exhibits Plaintiff challenges and why.

- Plaintiff *again* confuses the distinct doctrines of incorporation by reference and judicial notice.  RJN Opp. at 2.  He admits the Court can consider documents incorporated by reference, but then says the Court cannot consider documents subject to *judicial notice* because the Second Amended Complaint "does not rely upon" them.  *Id.*  Courts take judicial notice pursuant to Fed. R. Evid. 201(b), regardless of whether a document is relied upon.

- Defendants' exhibits do not create "factual disputes," because Plaintiff's Complaint lacks factual allegations.  RJN Opp. at 3.  Plaintiff's argument is wrong because defendants may "us[e] the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations."  *In re Eventbrite, Inc. Sec. Litig.*, 2020 U.S. Dist. LEXIS 74651, at *24 (N.D. Cal. Apr. 28, 2020) (Davila, J.) (emphasis in original).  This Court has held the same.  *See Box v. Miovas*, 2015 U.S. Dist. LEXIS 55575, at *2 (N.D. Cal. Apr. 28, 2015) (Chhabria, J.) ("allegations that contradict matters properly subject to judicial notice need not be accepted as true").

Plaintiff also offers no authority for why the Court should not take judicial notice of SEC filings, historical stock prices, and analyst reports—*all* of which courts, including this one, regularly consider.  Judicial notice of these documents is proper:

- ***SEC Filings (Exs. A, F, H, I, J, K, and M).***  According to the Ninth Circuit, judicial notice of SEC filings is "proper."  *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008).  Courts thus regularly consider SEC filings.  *E.g.*, *In re Pivotal Sec. Litig.*, 2020 U.S. Dist. LEXIS 128696, at *13-14 (N.D. Cal. July 21, 2020) (Breyer, J.) (SEC filings are "publicly-filed documents whose accuracy cannot reasonably be questioned and are therefore subject to judicial notice").

- ***Stock Prices (Ex. E).***  Stock prices are also "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned[.]"  *In re Finisar Corp.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008) (Whyte, J.) (taking judicial notice of stock prices); *see also Lake v. Zogenix, Inc.*, 2020 U.S. Dist. LEXIS 120965, at *12 (N.D. Cal. Jan. 24, 2020) (Seeborg, J.) (taking judicial notice of stock prices; "[t]his information falls squarely within Rule 201").

- ***Analyst Reports (Exs. C and D).***  Courts "routinely take judicial notice of analyst reports . . . to determine what may or may not have been disclosed to the public."  *In re Century Aluminum Co. Secs. Litig.*, 2011 U.S. Dist. LEXIS 21406, at *29 (N.D. Cal. Mar. 3, 2011) (Illston, J.); *see also Yaron v. Intersect ENT, Inc.*, 2020 U.S. Dist. LEXIS 219448, at *9 (N.D. Cal. June 19, 2020) (White, J.) ("[a]nalyst reports are subject to judicial notice . . . to determine the information available to the market").  Defendants ask the Court to consider the analyst reports simply for what they say on their face:  Mainstream analysts disagreed with J Capital's accusations.

For the same reasons as last time, the Court can consider all of the documents submitted in connection with Defendants' motion to dismiss.[1]

Dated: November 12, 2021                FRESHFIELDS BRUCKHAUS DERINGER US LLP

                                        By: */s/ Boris Feldman*
                                            Boris Feldman

                                        *Attorneys for Defendants*

_____

[1] Plaintiff's repeated request for discovery (RJN Opp. at 3) still violates the discovery stay in the Private Securities Litigation Reform Act.  15 U.S.C. § 78u–4(b)(3)(B).